IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-CR-40029-SMY |
| | ) |
| BRANDON J. MCDADE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendant Brandon J. McDade's Motion to Withdraw Plea and Dismiss Indictment (Doc. 31). The Government opposes the motion (Doc. 35). For the following reasons, the Motion (Doc. 31) is **DENIED**.

### Background

Defendant Brandon McDade was indicted by the grand jury for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) (Doc. 1). He entered a plea of guilty to that offense on December 6, 2023 (Docs. 24, 32).

At the beginning of the plea hearing, AFPD Kuenneke noted on record that she and AFPD Madrigal had extensive discussions with Defendant regarding the status of litigation related to *New York State Rifle and Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) and possible implications related to his charged offense (Doc. 32 at pp. 2-3). Defendant acknowledged those discussions and advised the Court that he fully understood and wished to proceed with an open plea. *Id.*

During the hearing, Defendant acknowledged that he was thinking clearly and understood the proceedings (Doc. 32 at pp. 4-5). He stated that he was fully satisfied with the representation and advice that AFPD Kuenneke and AFPD Madrigal had provided to him. *Id.* at p. 5. Defendant

agreed with the factual basis as presented by the Government and executed a written Stipulation of Facts (Docs. 21; Doc. 32 at pp. 8-10). Significantly, Defendant acknowledged his understanding that if the Court accepted his guilty plea on that date, he would not be able to withdraw it at a later time (Doc. 32 at pp.7-8).

Following a full Rule 11 colloquy, Defendant entered a guilty plea. The Court ultimately found that Defendant had knowingly, voluntarily, and competently pled guilty to the charge in the Indictment, and adjudged him guilty of the offense (Doc. 32 at p. 11).

## Discussion

A defendant does not have an absolute right to withdraw their guilty plea. *See United States v. Bowlin*, 534 F.3d 654, 659 (7th Cir. 2008). Instead, a defendant may only withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. 11(d)(2)(B). "When a proper Rule 11 colloquy has taken place, a guilty plea enjoys a presumption of verity and the 'fair and just' Rule 11(d)(2)(B) escape hatch is narrow." *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010) *citing United States v. Roque-Espinoza*, 338 F.3d 724, 726 (7th Cir. 2003). A defendant's burden is heavy to show "a fair and just reason." *Id. citing United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008).

The Seventh Circuit has found "fair and just reasons" for withdrawing a plea, including: the plea was not made voluntarily and knowingly (*United States v. Weathington*, 507 F.3d 1068, 1073 (7th Cir. 2007)); actual innocence (*United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005); and, legal innocence (*Untied States v. Rinaldi*, 461 F.3d 922, 927 (7th Cir. 2006). *See Mays*, 593 F.3d at 607. While there is authority for the proposition that a post-guilty plea, pre-sentence change in Supreme Court precedent that bears on a defendant's legal innocence may constitute a fair and just reason for permitting the withdrawal of the plea, a "possible" change in Supreme

Court precedent does not suffice. *Id.* citing *United States v. Ortega-Ascanio*, 376 F.3d 879 (9th Cir. 2004) *and United States v. Presley*, 478 F.2d 163, 167-168 (5th Cir. 1973).

The controlling Supreme Court precedent is *Bruen*, which was decided in June 2022. Defendant pled guilty in this case on December 6, 2023 – 18 months after *Bruen* decision. There have been no changes in Supreme Court precedent since *Bruen* that would bear on Defendant's legal innocence any differently than it did at the time of his open plea. And while Defendant argues that he is "legally innocent" because this Court's decision in *United States v. Taylor*, 23-CR-40001, 2024 WL 245557 (S.D. Ill. January 22, 2024) signals that the felon in possession statute under which he is charged is unconstitutional, he cites no authority for the proposition that a decision by this district court – not Supreme Court precedent – amounts to a "fair and just reason" for permitting withdrawal of his guilty plea.

Defendant affirmatively acknowledged his understanding of the issues related to *Bruen* and his right to challenge the Felon in Possession statue on the record. With that knowledge, he affirmatively waived his right to raise a *Bruen* challenge and knowingly, voluntarily, and competently entered a guilty plea. As such, he cannot now raise challenges to his indictment. *See United States v. Grayson Enterprises, Inc*, 950 F.3d 386, 402 (7th Cir. 2020) (by pleading guilty, defendant waived its opportunity to seek dismissal of the indictment for failure to state an offense); *see also United States v. Wheeler*, 857 F.3d 742, 744 (7th Cir. 2017).

## Conclusion

For the foregoing reasons, Defendant's Motion to Withdraw Plea and Dismiss Indictment (Doc. 31) is **DENIED**. Defendant's Motion for Status (Doc. 40) is **TERMINATED AS MOOT**. This matter will proceed to **SENTENCING** on **May 21, 2024 at 10:30 a.m.** in the Benton Courthouse before Judge Staci M. Yandle.

**IT IS SO ORDERED.**

Dated:  May 14, 2024

_____
**Staci M. Yandle**
**United States District Judge**